**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DAVID CAIN, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:21cv00338** |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **WARDEN STREEVAL,** | ) | **By:   Hon. Thomas T. Cullen** |
| | ) | **United States District Judge** |
| **Respondent.** | ) | |

This matter is before the court on Plaintiff David Cain, Jr.'s motion for reconsideration (ECF No. 27) of the court's dismissal of Cain's petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (ECF No. 27.) Finding no basis to overturn its prior order, the court denies Cain's motion.

In his § 2241 petition, Cain challenged his convictions for Hobbs Act extortion under the savings clause of 28 U.S.C. § 2255(e). While a federal prisoner generally is "required to bring collateral attacks challenging the validity of [his] judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255," *In re: Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997), the savings clause of § 2255 allows a federal prisoner to seek relief under § 2241 if he can show that § 2255 is "'inadequate or ineffective to test the legality of his detention.'" *In re: Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255(e)).  Section 2255 is inadequate or ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal;

and (3) the prisoner cannot satisfy the gatekeeping provisions of
§ 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34.

In granting the respondent's motion to dismiss, the court determined that Cain did not

meet the second prong of *Jones* because he had not shown a change in substantive law such

that his conduct is no longer considered criminal. Because the requirements of the savings

clause are jurisdictional, *United States v. Wheeler*, 886 F.3d 415, 425–26 (4th Cir. 2018), and Cain

did not meet those requirements, the court concluded that it did not have jurisdiction to allow

Cain to challenge the validity of his convictions in a § 2241 petition. (*See* ECF No. 24.) And in

any event, the court determined that Cain's petition was successive. (*Id.*)

Cain has now filed a motion for reconsideration, largely reiterating arguments made

in his original petition. Because Cain's motion for reconsideration was filed within 28 days

of the court's order, it is properly considered under Rule 59(e) of the Federal Rules of Civil

Procedure. *See Cross v. Fleet Res. Ass'n Pension Plan*, No. WDQ-05-0001, 2010 U.S. Dist.

LEXIS 95988, at *6 (D. Md. Sep. 13, 2010) (citing Fed. R. Civ. P. 59(e); *MLC Auto., LLC v.

Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2−3 (4th Cir.

1992)). Relief under Rule 59(e) is appropriate "(1) to accommodate an intervening change in

controlling law; (2) to account for new evidence not available [previously]; or (3) to correct

a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148

F.3d 396, 403 (4th Cir. 1988). "It is an extraordinary remedy that should be applied sparingly"

and only in "exceptional circumstances." *Id.* The rule "may not be used to relitigate old

matters, or to raise arguments . . . that could have been raised prior to the entry of judgment."

*Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted).

Applying these principles, the court concludes that Cain is not entitled to relief under Rule 59(e). Cain does not point to any change in controlling law or new evidence that was not previously available. He also does not identify any clear error in the court's previous decision. Instead, Cain reargues claims previously asserted in his § 2241 petition. While Cain may disagree with the court's decision, "mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Finally, the court does not find that its prior judgment constitutes a manifest injustice.

Accordingly, it is hereby **ORDERED** that Cain's motion for reconsideration (ECF No. 27) is **DENIED**.[1] Further, finding that appointment of counsel to assist Cain in this closed § 2241 proceeding is not in "the interests of justice" at this time, *see* 18 U.S.C. § 3006A, Cain's motion seeking appointment of counsel (ECF No. 28) is **DENIED without prejudice**.

The Clerk is directed to send a copy of this Order to the parties.

**ENTERED** this 17th day of October, 2022.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[1] Cain's motion requesting that the court take judicial notice of the decision of the Second Circuit Court of Appeals in his direct appeal (ECF No. 29) is **DENIED as moot** because the court already took notice of it (and in fact cited to it) in its Memorandum Opinion dismissing the case.